No. 364
### SANZONE et v. SOUTHERN RY. CO.
Hamilton Common Pleas Court

**1085. SERVICE OF PROCESS—1. Foreign railroad company having no lines or trackage in Ohio, is carrying on business, so as to be served with process, when it has an office in the State for directing business of the company.**

**2. A vice president of the company in charge of such offices, may be served.**

RYAN, J.

The Sanzone-Palmisano Co. brought an action in the Hamilton Common Pleas to recover from the Southern Railway Co. for damages to merchandise, received from the railroad as initial carrier. Summons was authorized to be made upon J. B. Munson, vice-president of the company, at his office in Cincinnati. He appeared solely for the motion, moving to quash service of summons, for the reason that he was not such an agent that service of summons was authorized to be made upon him. In support of the motion, Munson declared that no lines or tracks of the railroad were in Ohio; but an office was maintained for the purpose of giving directions for the operation of the company's business.

The Common Pleas Court held:

1. Munson, as vice-president, could be served with summons, for 11290 GC, provides that service can be had on a managing agent

(Continued on Page 239)

# FEDERAL OPINIONS
### Epitomized Cases

### No. 365
### SILVERMAN v. UNITED STATES
U. S. Appeals, 6th Circuit
No. 4009. Decided Dec. 5, 1924.

**1004. RECEIVING STOLEN GOODS—Is upon government, to show that the accused was in full knowledge and belief that the goods were stolen—may be proven by circumstantial evidence.**

DONAHUE, J.

Louis Silverman was charged with unlawfully buying, receiving and having in his possession, certain goods and chattels stolen from an interstate shipment of freight in the course of shipment of Interstate Commerce. He was convicted in the District Courts, with knowingly receiving stolen goods. Error was prosecuted and the Circuit Court of Appeals held:

It was prejudicial error for the trial court to charge that "all the government need to prove to a reasonable certainty, is that the defendants to which ever one you find the evidence applies, had knowledge that the goods coming into his possession, were not coming in a way to make his possession rightful."

This element of the offense may be proven by evidence of facts and circumstances surrounding the transaction, from which a guilty knowledge would necessarily follow.

Judgment reversed and remanded.

Attorneys—T. R. Hamilton, Lima; Curtis T. and Ben W. Johnson, for Silverman; Geo. E. Reed, Toledo, and A. E. Bernsteen, Cleveland, for United States.

### No. 366
### HAWTHORNE v. FISH, TREAS.
U. S. Dist. Court, S. D. Ohio, W. D.

No. 134 in Equity. Decided Jan. 16, 1925.

**923. PLEADINGS—Allegation in bill of complaint that certain act is "unlawful and unconstitutional" is mere conclusion of law and no cause of action exists.**

HICKENLOOPER, DJ.

This case came on to be heard upon motion to dismiss the bill of complaint of Hawthorne, upon the ground that the constitutional question raised has been fully adjudicated by the U. S. and the Ohio Supreme Courts. Hawthorne alleged that he as taxpayer brought the original suit in behalf of the city of Troy.

It seems that a tax or assessment had been levied against Troy by Wm. Fish, treasurer of Miami county, which is claimed by Hawthorne to be unlawful as abridging the privileges and immunities of citizens of the United States as written in its constitution. The Court in granting Fish the motion to dismiss, held:

1. The bold statement of violation of a constitutional right, which in effect, is no more than a conclusion of law, is wholly insufficient to raise the bona fide constitutional question necessary to confer jurisdiction upon the court.

2. Numerous courts have held that the enactment has been a valid exercise of the constitutional power of the legislature. Miami County v. Dayton 92 OS. 215.

Attorneys—Alexander R. Hawthorne for Hawthorne; Kenneth Little for Fish; both of Troy.

### No. 367
### ALLEN v. ERIE RD. CO.
U. S. Appeals, 6th Circuit
No. 4054. Decided Dec. 2, 1924.

For full opinion, see 2 Fed. (2d) 712.

**297. CONTRACT—Between railroad and employe of manufacturer of engine appliance held to release railroad from liability for negligence.**

PER CURIAM.

Allen was killed by the explosion of the boiler of the locomotive in which he was riding. He was in the general employment of a company which manufactured an appliance which had been installed on this engine and for his employers' benefit, was inspecting, observing, and perhaps adjusting this appliance. Goldie Allen, as administratrix, brought an action in the District Court and claimed that a release executed to the Erie Railroad Co., upon whose lines he was then working, by Allen did not release the Railroad Co. from negligence; but said contract was merely an acceptance of the status of a railroad employe. The District Court rendered judgment in favor of the Railroad Co. The Circuit Court of Appeals held:

1. According to the words of the contract of release; "from any and all damage or claim resulting in connection with or arising from Allen's presence on the engine pursuant to the contract," are as broad as could be made.

2. The language of the release could not be operative unless it included negligence, and hence if for no other reason, it must be thus inclusively interpreted. Judgment affirmed.

Attorneys—Day & Day & R. H. Dawson, Cleveland, for Allen; Cook, McGowan, Foote, Bushnell & Burgess, Cleveland, for Railway Co.

# Couse's New Ohio Form Book

By *Howard A. Couse*
*of the Clevevand Bar*

Author of Couse's Ohio
Private Corporation

**Completely Revised
and Rewritten**

Many New Forms Added
and Old, Obsolete
Forms Omitted
and those Retained

**Revised to Date**

To Correspond to Modern
Changes in Legal
Instruments

SPECIAL FEATURES

New Forms for Contracts,
Modern Deed Restrictions,
Leases, Mortgages, Mechanics'
Liens, Corporation Forms, Tor-
ren's Law Forms.
Etc., Etc.

**One Large Volume
1640 Pages**

## PRICE $15.00

# The W. H. Anderson Co.

524 Main Street             CINCINNATI, OHIO

## PUBLISHER'S COLUMN
# The Ohio Law Abstract

Entered as second class matter, February 28, 1923, at the Post Office, Cleveland, Ohio, under the Act of March 3, 1879

Issued Every Wednesday 50 Weeks of the Year

SUBSCRIPTION PRICES AND TERMS

One year (50 issues) Payable in Advance.......$15.00
Single Numbers ................................ .35

When cash is mailed to us in advance 20 per cent discount

Address all communications to

THE LAW ABSTRACT COMPANY
1727 Bryn Mawr, Cleveland, O.
P. O. Box 55, East Cleveland Sta.

## STATE COURT OF APPEALS

(Continued from Page 232)

residence districts are of very great importance, and will generally be enforced so far as reasonable and just, yet, we think there has been a general acquiesence in the violation of a restriction by other builders, the parties so acquiesing in the violations are not in a position to enforce it. Temporary injunction dissolved and petition dismissed.

Attorneys—Virgil Dorfmeier for Stoddard; Egan & Delscamp for Long; all of Dayton.

## STATE SUPREME COURT

(Continued from Page 236)

and Munson, for all purposes, is the managing agent of the company.

2. The presence of the corporation within the State necessary to the service of process is shown when it appears that the corporation is there carrying on business in such a sense as to manifest its presence within the state, although the business may be entirely interstate in its character. Motion to quash service and return of sheriff will be overruled.

Attorneys—Hightower & O'Brien for Sanzone et; Harmon, Colston, Goldsmith, & Hoadly for Company; all of Cincinnati.

# THIS WEEK'S DIGEST
## Cases Published in the Abstract

## DIGEST OF OPINIONS

**413. ALIMONY.**

Power to alter or fix amount of as granted by trial court, not vested in Court of Appeals. Hathaway v. Hathaway. OA. 3 Abs. 228.

**118. AUTOMOBILES.**

Owner not liable for act of driver when he diverts from his route and drives master's truck into another street, and thus abandons business of master to serve a purpose of his own. Hedrick v. Sweeney & Wise Co. OA. 3 Abs. 227. C

**147. BILLS AND NOTES.**

Defenses of good faith and for value are immaterial in action for conversion, to recover value of bonds alleged to have been wrongfully taken. Everett v. Farmers Bank Co. OA. 3 Abs. 226.

**229. CHATTEL MORTGAGES.**

Where general averment in pleadings is of ownership, proof may be admitted showing a special ownership. Harrison et v. Mack Motor Truck Co. OA. 3 Abs. 232.

**225. CHARGE TO JURY.**

Is not prejudicial, when not made in compliance with defendant's request, when during the trial, defendant's testimony disclaims the substance of such requested charge. Everett v. Farmers Bank Co. OA. 3 Abs. 226.

**257. COMMISSIONS.**

Must entire first payment on purchase price be first paid in, to make them accrue? Moser v. Simmons. OS. Pend. 3 Abs. 235.

**293. CONTEMPT.**

A person arrested for, cannot claim immunity by remaining in court room, claiming she is party to a lawsuit. Lentz v. Lentz. OA. 3 Abs. 231.

**297. CONTRACTS.**

Between railroad company and employe of manufacturer of engine appliance, held to release railroad from liability for negligence. US. App. Allen v. Erie Rd. Co. 3 Abs. 237.

**301. CONTRIBUTORY NEGLIGENCE.**

A minor, employed contrary to statute or law, shall not, under compensation act, be deemed or held to have been guilty of contributory negligence. Foundry Ap. Co. v. Ratliff. OA. 3 Abs. 229.

**317. COUNTERCLAIM.**

Is a defendant denied the right to set up in his cross-petition a counter-claim against plaintiff, where plaintiff was bringing an action for freight charges? Leonard et v. Elgin J. & E. Ry. Co. OS. Pend. 3 Abs. 233.

**323. COUNTY COMMISSIONERS.**

When and how shall they proceed, when improvement of highway is undertaken on their own motion? Potter et. v. Wood Co. Comrs. OS. Pend. 3 Abs.

**367. DEEDS.**

Restrictions in deed as to building house in restricted section, not enforced where there has been general acquiesence in violation thereof. Stoddard v. Long. OA. 3 Abs. 232.

**389. DESCENT AND DISTRIBUTION.**

Where there has descended to a wife, from deceased husband, property acquired by purchase, and she dies intestate without issue or legal representatives, the property descends to brothers and sisters of deceased husband, and brothers and sisters of deceased wife, equally. Cochrel v. Robinson. OA. 3 Abs. 226.

**480. EVIDENCE.**

Court will not take judicial knowledge of "home brew", and liquor so designated must be proved to be intoxicating. Cassidy v. State; Com. Pl. 3 Abs. 236.

**586. GARNISHMENT.**

1. Interest of non resident stock holders in Ohio corporation may be garnisheed, though certificate is in stockholder's possession.

2. Constructive service good and motion to dismiss is a waiver of irregularities and entry of appearance. Maescher v. Shamman. Com. Pl. 3 Abs. 236.

**587. GUARANTEE.**

By bank, made as to the transmission of money to foreign country during war, cannot be avoided on ground that such conditions made delivery more burdensome and difficult. Ohio Sav. Bk. v. Kienle. OA. 3 Abs. 230.

**661. INTOXICATING LIQUORS.**

Provision of 6175 GC. making liquors poured out when